**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.   Case No.   8:06-cr-410-T-24TBM

**DELORIS BAINES,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on the matter of the Defendant's competency to stand trial.  Heretofore, this court granted Defendant's motion for competency evaluation and directed that Dr. Donald R. Taylor, Jr., M.D., conduct such evaluation and submit a report to the court.  (See Doc. 13).  In accordance with the Order, Dr. Taylor has examined the Defendant and submitted a letter regarding his psychiatric evaluation.  By Dr. Taylor's evaluation, the Defendant is experiencing a psychotic episode characterized by multiple persecutory beliefs, and at present, her mental condition renders her unable to assist her counsel.  According to Dr. Taylor, the Defendant is in need of a transfer to a therapeutic setting where she may receive appropriate treatment for her current condition.  A hearing on the matter was conducted February 6, 2007.

Neither counsel for the Defendant nor the Government wishes to challenge Dr. Taylor's conclusions and neither objects to the doctor's recommendation that the Defendant be appropriately transferred to the custody of the Attorney General for transport to a treatment facility.

Upon the information presented, this court concludes that the Defendant is presently suffering a mental disease or defect which renders her mentally incompetent to proceed. In accordance with the provisions of 42 U.S.C.A. § 4241(d), the Defendant is committed to the custody of the Attorney General, who shall hospitalize the Defendant for treatment in a suitable facility for such reasonable period of time, not to exceed four (4) months, as is necessary to determine whether there is a substantial probability that in the foreseeable future she will obtain the capacity to permit further proceedings in this cause; or for such additional reasonable time until the Defendant's medical condition is improved such that she may proceed to trial.

In accordance with 18 U.S.C.A. § 4241(e), when the director of the facility in which the Defendant is hospitalized determines that the Defendant has recovered to such extent that she is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense, he shall promptly file a certificate to that effect with the clerk of this district court so that further proceedings may be conducted in accordance with the law.

The United States Marshal shall promptly make arrangements for the transfer of the Defendant to the custody of the Attorney General for placement and treatment as directed herein.

**Done and Ordered** in Tampa, Florida this 6th day of February 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Patricia Kerwin, Assistant United States Attorney
Dionja Dyer, Attorney for Defendant
United States Marshal
United States Pretrial Services